United States District Court
Southern District of Texas
**ENTERED**
January 06, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL G. PETERS, TDCJ #2019190, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-21-4242 |
| TEXAS CHILDREN'S HOSPITAL, et al., | § | |
| Defendants. | § | |

**ORDER OF DISMISSAL**
**AND SANCTION WARNING**

Plaintiff Michael G. Peters (TDCJ #2019190; former Montgomery County Inmate #551534), is presently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Stringfellow Unit. He has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) against the Texas Children's Hospital and three individuals who allegedly falsified medical records and committed perjury during a child custody proceeding in 2012 as part of a conspiracy hatched by the State of Texas. Peters has filed an Application to Proceed In Forma Pauperis (Docket Entry No. 3), requesting leave to pursue these claims without prepayment of the filing fee. That request will be denied and this action will be dismissed for the reasons explained below.

This civil action is governed by the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915A, which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding <u>in forma</u>

pauperis. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996), abrogated on other grounds by Coleman v. Tollefson, 135 S. Ct. 1759, 1762-63 (2015). Under the "three-strikes" rule established by the PLRA, a prisoner is not allowed to bring a civil action without prepaying the filing fee if, while incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (2020) (observing that the three-strikes rule was established to "help staunch a 'flood of non-meritorious' prisoner cases") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)).

A national case index reflects that, while incarcerated in TDCJ or the Montgomery County Jail, Peters has filed over 70 civil actions in the federal courts. Of those, at least nine have been dismissed as frivolous, malicious, or for failure to state a claim: (1) Peters v. Gilbert, Civil No. H-15-2762 (S.D. Tex. Oct. 1, 2015) (dismissed as frivolous); (2) Peters v. Texas Medical Board, Civil No. H-15-2858 (S.D. Tex. Oct. 8, 2015) (dismissed as frivolous and for failure to state a claim); (3) Peters v. Texas Children's Hospital et al., Civil No. H-15-2900 (S.D. Tex. Oct. 6, 2015) (dismissed as malicious and for failure to state a claim); (4) Peters v. Dr. Dreyer, Civil No. H-15-2899 (S.D. Tex. Oct. 14, 2015) (dismissed for failure to state a claim); (5) Peters v. Harrison,

et al., Civil No. H-15-3037 (S.D. Tex. Oct. 19, 2015) (dismissed as frivolous and for failure to state a claim); (6) Peters v. Valigura, Civil No. H-15-3023 (S.D. Tex. Oct. 27, 2015) (dismissed as frivolous and for failure to state a claim); and (7) Peters v. Duckworth, Civil No. H-15-3024 (S.D. Tex. Oct. 22, 2015) (dismissed as frivolous and for failure to state a claim); (8) Peters v. State of Texas, Civil No. H-17-1459 (S.D. Tex. May 17, 2017) (dismissed for failure to state a claim); and (9) Peters v. State of Texas, Civil No. H-18-261 (S.D. Tex. Jan. 31, 2018) (dismissed as frivolous and for failure to state a claim). Many other cases filed by Peters have been dismissed as barred by the three-strikes rule found at 28 U.S.C. § 1915(g), including three recent cases that lodged claims of mail tampering that are similar to those presented in this case. See Peters v. Dinah Huffman et al., Civil No. G-21-124 (S.D. Tex. May 26, 2021); Peters v. State of Texas, et al., Civil No. G-21-130 (S.D. Tex. June 10, 2021); Peters v. State of Texas, et al., H-21-2147 (S.D. Tex. July 7, 2021).

As a result of his abusive filing practices, Peters has been sanctioned more than once. See Peters v. State of Texas, Civil No. H-18-261 (S.D. Tex. Jan. 31, 2018) (Docket Entry No. 5, p. 4) (imposing sanctions in the amount of $400.00); see also Peters v. State of Texas, Civil No. G-21-cv-166 (S.D. Tex. July 9, 2021) (Docket Entry No. 5, p. 5) (imposing another strike and sanctions in the amount of $402.00, and warning Peters that he may be subject to additional sanctions if he continues to abuse judicial resources

by filing repetitive, frivolous complaints). Those sanctions remain unpaid.

Because Peters has well over three dismissals that count as strikes under § 1915(g), he is barred from proceeding in forma pauperis in any civil action or appeal under 28 U.S.C. § 1915(g) unless he is in imminent danger of serious physical injury. Because the pending Complaint does not show that he fits within the exception to the three-strikes rule, this action will be dismissed as barred by § 1915(g).

Accordingly, the court **ORDERS** as follows:

1. The Application to Proceed In Forma Pauperis filed by Michael G. Peters (Docket Entry No. 3) is **DENIED** and this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

2. Peters may file a Motion to Reinstate this case if he pays the filing fee ($402.00) within **thirty days** of the date of this Order. Even if he pays the fee, however, Peters is **WARNED** that he may face additional sanctions if the court finds that his Complaint is frivolous, malicious, or fails to state a claim.

**The Clerk will provide copies of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 6th day of January, 2022.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE